**UNITED STATES of America, Petitioner-Plaintiff,**

v.

**CERTAIN LANDS IN SUFFOLK COUNTY, STATE OF NEW YORK, and Alvent, Inc., et al., Defendants.**

**No. 65 CD 526.**

United States District Court
E. D. New York.

Dec. 8, 1965.

---

Harry T. Dolan, Sp. Asst. to Atty. Gen. of United States, for petitioner-plaintiff.

Nathan L. Goldstein, Joseph Z. Goldstein, New York City, for defendant, Bayberry Dunes, Inc.

BRUCHHAUSEN, District Judge.

The petitioner, Bayberry Dunes, Inc., seeks an order directing payment to it of the sum of $10,000.00, the balance now on deposit in the Registry of this Court pursuant to a Declaration of Taking dated June 21, 1965.

By order of this Court, dated July 12, 1965, the petitioner received $290,000.00 from the Registry of this Court for the acquisition of Tract No. 3234. The balance of the deposit, the sum of $10,000.00, remained in the Registry until determination, as of June 21, 1965, the date of taking, of the holder of title to a certain section of this tract of land. A stipulation by and between the attorneys was so entered into in open court. Subsequently a stipulation was entered into by and between the petitioner and Britton J. Smith and Raymond W. Richmond, claimants to this tract, dated November 4, 1965, stating, in part:

"* * * that any claim that said Britton J. Smith and Raymond W. Richmond have or may have to any award that may be made to Bayberry Dunes, Inc. in the above entitled proceeding be and the 'same hereby is withdrawn.

"Said Britton J. Smith and Raymond W. Richmond hereby consent to the withdrawal from the Registry of this Court the sum of Ten thousand ($10,000.) Dollars now deposited to the credit of Bayberry Dunes, Inc. and that an order to that effect may be entered herein without further notice."

 It is settled law that the owners of the land as of the date of taking are entitled to compensation. United States v. Dow, 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1109. The aforesaid assignment by the claimants of their interest in the award for the taking of the land is not in accordance with the provisions of the Anti-assignment Statute, 31 U.S.C. § 203. Furthermore, all title questions should be left for determination by the trial court.

The motion is denied. Settle order on two (2) days' notice.